## PILCHER and Another *v.* FLINN.

LIMITATION OF ACTIONS.—*Fraud.*—The statute providing that actions for relief against frauds must be commenced within six years after the cause of action has accrued (2 G. & H. 156, sec. 210), greatly changes the law as it existed when *Raymond* v. *Simonson*, 4 Blackf. 77, was decided. It applies as well to suits in equity as at law; and under it time begins to run before discovery of the cause of action, unless the defendant shall conceal his liability.

APPEAL from the Grant Circuit Court.

FRAZER, J.—Flinn sued Amaziah Pilcher and Jane R., his wife, for deceit, as we understand it, alleging in his complaint, a conveyance to Jane R., in March, 1858, of certain real estate in Grant county, in consideration of one thousand dollars in promissory notes, and the assignment by her to the plaintiff of a title bond, given by one Harlan, conditioned for the conveyance to her of a tract of land in Iowa. It was averred that, to obtain the conveyance from the plaintiff, the defendants "fraudulently represented that Harlan owned the Iowa land in fee, and had good right and lawful authority to sell and convey the same and would con-

vey the same to the plaintiff at any time when requested, * * and that the plaintiff, relying on said representations, accepted said Harlan's bond as and for one thousand dollars of the purchase money for the realty conveyed to said Jane R.;" that said representations were untrue; that Harlan did not own the Iowa land, and could not convey the same, which did not become known to the plaintiff until after August, 1864.

The appellee in argument has treated the suit as founded upon contract, but it is very clear that in that view the complaint would be bad against Jane R., for the reason that she is alleged to have been a married woman, and could not, therefore, bind herself by the contract. The complaint, if good at all, must be regarded as making an action on the case for fraud and deceit. As to the sufficiency of the complaint, viewed in this light, we are in some doubt, and we are not aided by any argument upon the question. It is not now decided, for the reason that it has not been argued, and for the further reason that the case can be otherwise finally disposed of.

The fifth and seventh paragraphs of the answer, the former by the wife, and the latter by the husband, averred that the cause of action did not accrue within six years next before the suit was commenced. To the fifth paragraph a demurrer was sustained, and to the seventh a demurrer was overruled, and a reply of general denial was then filed to it. The proof fully sustained the paragraph, but there was, nevertheless, a general finding for the plaintiff.

As the fifth and seventh paragraphs of the answer, pleaded separately by the defendants, were exactly alike, it is not easy to perceive why the former should have been held bad and the latter good. It is due to the intelligent judge who presided below to say that probably the record before us does not accurately show what was really done.

But we must act upon the record as it comes to us. We have a plain statute enacting that actions for relief against frauds must be commenced within six years after the cause

of action has accrued.   2 G. & H. 156, sec. 210.   This stat-
ute greatly changes the law as it existed when *Raymond* v.
*Simonson,* 4 Blackf. 77, was decided.   It applies as well to
suits in equity as at law.   Under it, time begins to run be-
fore discovery of the cause of action, unless the defendant
shall conceal his liability.   2. G. & H. 162, sec. 219; *Boyd* v.
*Boyd,* 27 Ind. 429.

In *Matlock* v. *Todd* 25 Ind. 128, we made some remarks,
not actually necessary to that case, not quite in harmony
with the present ruling.   When that case was before us our
attention was not called to all the provisions of the present
statute of limitations.

The judgment is reversed, with costs, and the cause re-
manded, with directions to set aside all proceedings subse-
quent to the filing of the demurrer to fifth paragraph of
the answer, and to overrule that demurrer.

*J. Brownlee,* for appellants.
*A. Steele* and *R. T. St. John,* for appellee.