## WALLACE, ADM'R, *v.* METZKER ET AL.

STATUTE OF LIMITATIONS.—*Fraud.*—*Conveyance Treated as Mortgage.*—Complaint against an administrator, alleging that a deed of conveyance of land to his decedent, absolute on its face, was a mortgage; that the decedent, as the attorney of the plaintiff, was guilty of gross fraud and violation of duty in procuring his client, the plaintiff, to execute a deed instead of a mortgage to secure liabilities incurred by the attorney in becoming bail for him, and for fees due the attorney; and that, to defraud the plaintiff, the decedent had conveyed the land to another; and asking that the estate of the decedent pay to the plaintiff the value of the land, less the amount due from the plaintiff to the decedent on account of such liabilities and fees. The administrator answered that the cause of action did not accrue within six years next before the commencement of the action, and, also, that more than eighteen months elapsed after the death of the decedent before the action was commenced.

*Held*, on demurrer to the answer, that whether the action was for relief against fraud, or to recover money, the answer was good.

APPEAL from the Marion Civil Circuit Court.

PETTIT, C. J.—This suit was brought by the appellees against the appellant, as administrator of Walpole, and one Henricks, to have a deed, absolute on its face, made to Walpole, decreed to be a mortgage; for an accounting as to what was due to the estate of Walpole, stating a readiness and willingness to pay the same; and for redemption. The complaint shows the lands to be worth ten thousand dollars. The appellee, Metzker, was indebted to Walpole by note, in five hundred dollars, given to him as a fee for defending Metzker on an indictment then pending; and Walpole also went Metzker's bail for his appearance to the indictment, and a mortgage was to have been made by Metzker and wife to Walpole, to secure the note and to secure him against loss by being such bail; that the note and interest is still due; that the indictment was never proved, Metzker discharged, and that Walpole never had anything to pay as such bail of Metzker.

The complaint charges gross fraud and violation of his duty as the attorney and confidential adviser of Metzker against Walpole, in procuring the appellees to make a deed instead of a mortgage in form; that, after the deed, which

was to stand as a mortgage, was made, Walpole, to defraud the appellees, conveyed the lands to defendant Henricks; and that he had full knowledge of all the fraud of Walpole. The complaint concludes thus: "They ask that an accounting be had, and the sum due the estate of Walpole be ascertained, which these plaintiffs are ready and willing to pay, and that the said conveyance from them to Walpole be decreed a mortgage, and subject to redemption, and that the said conveyance to Henricks be decreed voidable; or, if valid for any reason, then that said Walpole's estate pay the plaintiffs what the lands were worth, less the five hundred dollars and interest due said estate, and all other proper relief, including a judgment for ten thousand dollars." No objection was, or is, raised to the complaint. It is palpably good for the purposes sought to be accomplished. The defendants answered separately. The third paragraph of the answer of Wallace, as administrator of Walpole, was this:

"And the said defendant, for a further answer, says that the plaintiffs' cause of action herein sued on did not accrue within six years next before the commencement of this action, and that more than eighteen months elapsed after the death of said Walpole before said action was commenced."

There was a demurrer to this paragraph of the answer, for want of sufficient facts, sustained, and this ruling is assigned for error. There was a trial, verdict, and judgment for defendant Henricks, and against defendant Wallace, as administrator. Wallace appeals, and assigns for error the sustaining of the demurrer to his third paragraph of the answer. Whether this case is to be considered as an action for relief against fraud, or to recover money, in the event that the fraud is beyond reach, because the property had passed into the hands of an innocent purchaser, we must hold that the answer was good; and we hold that our statute of limitations, and the cases of *Pilcher* v. *Flinn*, 30 Ind. 202, and *Potter* v. *Smith*, 36 Ind. 231, fully warrant this ruling. The

judgment, for this error, must be reversed as to Wallace, administrator.

There are other questions attempted to be presented by a bill of exceptions, but as it is not properly in the record, we cannot pass upon them.

The judgment, as to Wallace, administrator, is reversed, at the costs of the appellee, with instructions to the court below to overrule the demurrer to the third paragraph of the answer of defendant Wallace, and for further proceedings.

*J. S. Harvey* and *W. March*, for appellant.

*G. H. Voss*, *B. F. Davis*, and *J. A. Holman*, for appellee.