Moore, Adm'r, v. Lynn *et al.*

No. 8825.

## MOORE, ADM'R, v. LYNN ET AL.

PRINCIPAL AND SURETY.—*Promissory Note.— Vendor's Lien.—Deposition.— Harmless Error.*—In an action upon notes, signed by A. and B., the latter "as security," and to enforce a vendor's lien, it is a harmless error to suppress a deposition which alone tends to prove that B. signed as principal and not as security, in order to show that the vendor's lien was not waived, where the jury find that the notes have been paid.

SAME.—*Harmless Instruction.*—An instruction, which directs the jury to find for the defendants in case they find B. signed as surety, is harmless where they find that the notes have been paid.

INSTRUCTION.—*Harmless Error.—Interrogatory.*—An erroneous instruction will not reverse a case, where the answer to an interrogatory propounded to the jury shows that the party was not injured by the instruction.

From the Ohio Circuit Court.

*A. C. Downey* and *J. B. Coles,* for appellant.

*W. S. Holman,* for appellees.

BEST, C.—The appellant, as the administrator of the estate of Joel Lynn, deceased, brought this action against the appellees to recover a judgment upon two notes alleged to have been executed by John R. Lynn and one John A. Harpham, to the decedent, on the 3d day of April, 1867, one for $4,400, payable five years from date, and the other for $9,000, payable twelve years from date, and to enforce a vendor's lien upon certain real estate described in the complaint. The notes were signed " John A. Harpham, security," but it was averred that he in fact executed them as principal.

The appellants answered:

1st. General denial;

2d. Payment; and,

3d. That, after the execution of the notes, various suits were commenced against the decedent by his creditors, and in consideration of John R. Lynn's agreement to procure the dismissal of said suits, to pay the sum of $8,547.95 to his creditors and to pay all his debts except the sum of $1,320, which he did, the decedent agreed to release and surrender said notes

as fully paid, which he did on the 22d day of May, 1867. A copy of a written release, reciting these facts, accompanied the answer.

A reply was filed, and the issues thus formed were submitted for trial to a jury, who returned a general verdict for the appellees. They also found, in answer to certain interrogatories propounded to them by both parties, that the decedent executed the release recited in the answer upon a valid consideration; that he voluntarily surrendered the notes as paid on the 22d day of May, 1867, and that nothing was due or to become due upon the notes, or either of them.

The appellants moved for a new trial, which was overruled, and final judgment was rendered for the appellees. From this judgment the appellant appeals, and assigns as error the order of the court in overruling the motion for a new trial.

It is insisted that this ruling was wrong, because the court had erred in suppressing the deposition of John A. Harpham, and in giving instruction number four to the jury.

The deposition of John A. Harpham, one of the makers of the notes, had been taken by the appellant, and upon the appellees' motion it was suppressed. The substance of this witness' testimony was, that he and John R. Lynn, the other maker of the note, were partners in the purchase of the land and in the execution of the notes; that he executed them as principal and not as the surety of his co-maker.

Instruction numbered four directed the jury that if they found that John A. Harpham executed the notes as the surety of John R. Lynn, to find for the defendants.

Conceding that the court erred in suppressing the deposition and in giving this instruction to the jury, yet, we think, the errors were harmless, as the appellant was not injured by them.

The utmost that the deposition tended to prove was that the vendor's lien was not waived by the manner in which Harpham had signed the notes. This fact, however, was immaterial, as the notes had been paid, and, therefore, the exclusion of this testimony did no harm, because its admission could

have done no good.    It would have been otherwise, had it tended to defeat the issue upon which the jury found.

Nor did the instruction injure the appellant, as it appears that the jury found for the appellees upon the ground that the notes had been paid, and not upon the ground that Harpham had executed the notes as surety.    An erroneous instruction will not reverse a case, where it appears from an answer by the jury to an interrogatory, that the appellant was not injured by the error. *Manning* v. *Gasharie,* 27 Ind. 399, see page 413; *Uhl* v. *Harvey,* 78 Ind. 26.

For these reasons, we think the motion for a new trial was properly overruled, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellant's costs.