O'Donahue *et al. v.* Creager.

No. 13,605.

O'DONAHUE ET AL. *v.* CREAGER.

QUIETING TITLE.—*Defences Provable Under General Denial.—Special Answers.
—Demurrer.—Practice.—*In suits to quiet title all matters of defence may
be proved under the general denial, and hence there is no available er-
ror in sustaining a demurrer to special paragraphs of answer, although
good.

SAME.—*Adverse Possession.—Fraud.—Damages.—Statute of Limitations.—*
Where one went into possession of real estate in 1852, claiming title and
holding exclusive possession until 1885, when he conveyed to another,
any right which one claiming to be the original owner may have had
to quiet title, or for damages for obtaining a fraudulent deed, is barred
by the statute of limitations.

SUPREME COURT.—*Failure of Evidence.—Reversal of Judgment.—Practice.—*
A judgment will be reversed and a new trial granted if there is a fail-
ure of evidence upon any material point.

From the Daviess Circuit Court.

*J. W. Ogdon* and *M. F. Burke,* for appellants.

*W. R. Gardiner* and *S. H. Taylor,* for appellee.

BERKSHIRE, J.—The case as made by the complaint is, in
brief, that the maiden name of the appellee was Bridget
Grannon, and her father's name Bernard Grannon, who was
a brother of the appellant Grannon ; that, on the 8th day of
April, 1850, while the appellee was but a small child, the
appellant Grannon entered and took up, with money of hers
and her said father, from the United States government and
the trustees of the Wabash and Erie Canal, the following
real estate in Daviess county, Indiana, to wit: The north-
west quarter of the northwest quarter of section 10, town. 3
north, of range 5 west ; that, on the 1st day of June, 1850,
the trustees of the Wabash and Erie Canal executed to the
appellee a deed for said real estate ; that, on the 27th day of
February, 1852, the appellant Grannon procured from an-
other Bridget Grannon, with the fraudulent intent to cheat

and injure the appellee, a deed of conveyance for the said real estate and certain other real estate, and thereafter and on the 3d day of September, 1885, said appellant Grannon, with the further fraudulent intent to cheat and injure the appellee, sold and by his deed conveyed said real estate, so conveyed to him, to the appellant O'Donahue, for a consideration of $3,900; that said forty-acre tract was then and still is of the value of $2,000; that said appellant O'Donahue took the title with full knowledge of all the facts, and that the appellee was the owner of the said forty-acre tract; that he has paid but $500 of the said purchase-price, the proper proportion of which as applicable to the said forty-acre tract is $166.66. The prayer for relief is, that the deeds be set aside and the title of the appellee 'quieted, or if it be found that the appellant O'Donahue is an innocent purchaser for value, that he be required to pay the remainder of said purchase-money to the appellee.

The answer filed by the appellants is in four paragraphs: 1. The general denial. 2. The statute of limitations, that the cause of action did not accrue within six years. 3. The statute of limitations, that the cause of action did not accrue within fifteen years. 4. The statute of limitations, that the cause of action did not accrue within twenty years.

The appellee addressed a demurrer to the second, third and fourth paragraphs, separately assigning as cause of demurrer a want of sufficient facts to constitute a defence to the action; the court sustained the demurrer to each paragraph, and the appellants reserved proper exceptions.

There was a jury trial and the following verdict returned for the appellee:

"We, the jury, find for the plaintiff and assess her damages at $775."

The following is the judgment rendered by the court:

"It is, therefore, considered by the court that the plaintiff recover of and from the defendants said sum of $775,

with interest at six per cent. from this date, and costs of suit herein expended.

" It is further considered by the court that the defendant O'Donahue pay said sum of money and interest and costs to the plaintiff out of the balance of the purchase-money owing from him for the real estate described in the complaint herein, and that, upon payment of the amount of this judgment, he be entitled to credit for the sums so paid on the balance due his co-defendant from him on said real estate."

The appellants assign several errors, as follows :

1. The court erred in sustaining the demurrer to the second, third and fourth paragraphs of answer, and each of said paragraphs.

2. The court erred in overruling the motion for a *venire de novo.*

3. The court erred in overruling the motion for a new trial.

4. The court erred in overruling the motion in arrest of judgment.

The facts stated in the complaint constitute a cause of action to quiet title to real estate, and that only. In actions to quiet title all matters of defence may be proved under the general denial, and, therefore, though it is our opinion that both the third and fourth paragraphs were good, and that the court erred in sustaining the demurrers thereto, the error is unavailable, for the reason that every fact that could have been proved had the demurrers been overruled, was provable under the general denial. *Eve* v. *Louis,* 91 Ind. 457.

We are unable to see upon what theory the appellee obtained a money judgment ; the complaint charged notice home to O'Donahue when he purchased, and the evidence proved that he had paid but a small part of the purchase-money. It must have been upon the idea that the complaint charged a fraud to the damage of the appellee, but no sufficient allegations of fraud are made.

As we have already said, the complaint alleges an action to

quiet title, and only that. If we were of the opinion that it stated a cause of action arising out of a fraud, then we would have to hold that there was available error because of the ruling of the court in sustaining the demurrers to the several paragraphs of answer. R. S. 1881, section 292; *Pilcher* v. *Flinn*, 30 Ind. 202; *Wallace* v. *Metzker*, 41 Ind. 346.

There was no error in overruling the motion for a *venire de novo*, nor in overruling the motion in arrest of judgment. The verdict was in proper form, and the complaint stated a cause of action.

We are, however, of the opinion that the court committed an error in overruling the motion for a new trial.

The motion for a new trial assigns three reasons, one of which is, that there is not sufficient evidence to sustain the verdict.

In what we are about to say we are not unmindful of the long line of decisions that, whenever there is any controversy in the evidence as to matters of fact, the finding of the jury is conclusive, so far as this court is concerned. At the same time we do not overlook the many cases which this court has decided, that, if there is a failure of evidence upon any material point, the judgment will be reversed and a new trial granted. In this case there is a failure of both pleading and evidence.

There is a controversy in the evidence as to whether the conveyance which the trustees of the Wabash and Erie Canal executed to Bridget Grannon on the 1st day of June, 1850, was executed to the appellee or to her grandmother, both of them bearing the same name. As to all other material facts there seems to be no controversy.

The evidence uncontradicted is, that the appellant William Grannon was the uncle of the appellee, and that Bridget Grannon, the grandmother of the appellee, was the mother of William ; that the appellee was born in the year 1839 ; that, on the 27th day of February, 1852, Bridget Grannon, the grandmother, executed to the appellant William Grannon,

a deed for the real estate in question, together with other lands ; that he went into possession thereof about the time of the conveyance, and held exclusive possession of the same under claim of title, continuously, until he conveyed to his co-appellant, O'Donahue, September 3d, 1885; the conveyance to O'Donahue was for all the lands covered by the conveyance from Bridget Grannon, for a consideration of $3,900, $500 of which has been paid.

If it is conceded that the appellee was the Bridget Grannon to whom the trustees of the Wabash and Erie Canal executed their conveyance, the exclusive possession of William Grannon, under claim of title, had ripened into a perfect title long before the commencement of this suit, and, therefore, when he sold and conveyed to his co-appellant the appellee had no cause to complain. *Walker* v. *Hill,* 111 Ind. 223 ; *Wright* v. *Wright,* 97 Ind. 444; *Roots* v. *Beck,* 109 Ind. 472 ; *Law* v. *Smith,* 4 Ind. 56. And had the finding of the jury been within the issues there would have been a failure of proof.

There is no evidence tending to establish a fraud for which an action for damages could be maintained, but, if so, the action would be barred by the statute of limitations.

The relation of trustee and *cestui que trust* never did exist between the appellee and her uncle. If she ever held title to the real estate she lost it because of her own neglect and delay.

The judgment is reversed, with costs, and the court below is directed to grant a new trial, and proceed in accordance with this opinion.

Filed Feb. 19, 1889.