Mason *et al. v.* Roll, Executor, *et al.*

----

No. 16,129.

## MASON ET AL. *v.* ROLL, EXECUTOR, ET AL.

APPEAL.—*Probate Jurisdiction.*—*Appeal within Ten Days.*—*Contest of Will.*—*Suit to Quiet Title.*—The provision of the decedent's act requiring a bond to be filed within ten days in order to take an appeal from any decision growing out of any matter connected with a decedent's estate, is only applicable to cases where the probate jurisdiction is involved, and has no reference to an action where the validity of a will is involved, or a suit to quiet title is brought by the executor. Elliott's Supp., section 417.

QUIETING TITLE.—*Practice.*—*Striking Out Special Answer.*—In an action quieting title it is not error to strike out a special answer when the general denial is on file.

WILL.—*Suit by Executor to Quiet Title to Land Devised to Him.*—*Attacking Validity of Will by Cross-Complaint.*—In an action brought by an executor, claiming the right under the will of his decedent to sell certain real estate devised, against the heirs of such decedent, to quiet title, the validity of the will is necessarily involved, and the judgment quieting title will bar a subsequent action between him and them for its con-

test; and such heirs may, by a verified cross-complaint, attack the validity of such will, and have the probate thereof set aside.

From the Marion Circuit Court.

*A. F. Denny,* for appellants.

*J. C. Green, L. Ritter* and *E. F. Ritter,* for appellees.

MILLER, J.—The complaint in this case averred, in substance, that Solomon Roll, during life, owned a tract of real estate therein described; that in June, 1889, he died testate, leaving a will, in which he directed the plaintiff, who was named as executor, to sell his real estate to pay certain legacies; the will was duly probated, and subsequently the executor was ordered by the court to sell the real estate as directed in the will; that the defendants, who are certain of the children and heirs of the testator, have notified the executor, and have given out in speeches, that they, as children and heirs of said Roll, have an interest in the real estate, and that they deny the legality of the order for the sale of the real estate, and assert that the plaintiff has no right or authority to sell said real estate; that by their acts, claims and demands they have cast a cloud upon the title of the real estate and upon the plaintiff's right to sell the same. The prayer is that the defendants be brought into court to show cause why the real estate shall not be sold, and that the plaintiff have a decree against the defendants, forever quieting his title as such executor, and that they be forever enjoined from asserting any right, title, claim or demand to the same.

The defendants answered the complaint by a general denial, and a second paragraph, which was subsequently, on motion of the plaintiff, struck out.

Afterward a verified cross-complaint was filed by the appellants against the plaintiff, their co-defendants, and the other heirs of the testator, alleging, among other things, the undue execution of the will, and that the testator was at the time of its execution of unsound mind.

The cross-complainants asked that process issue for the defendants not before the court, and that upon final hearing the will and its probate be declared invalid, and that it be vacated, annulled and set aside.

The plaintiff moved the court to strike this cross-complaint from the files, for the reason that there was no bond filed with it, as required by law.

This motion was sustained and exception taken.

The cause was tried by the court, who found for the plaintiff, and entered a decree establishing the due execution and validity of the will, and quieting the title of the plaintiff, as executor, for the use and benefit of the trust, and forever enjoined and restrained the appellants from asserting any interest in, or right or title to, the real estate, or any part thereof.

The appellees have interposed a motion to dismiss the appeal, which we will notice before examining the questions presented by the assignment of errors.

It is claimed that this appeal is governed by section 2454, R. S. 1881, and section 2455 as amended (Elliott's Supp., section 417). These sections provide that any person considering himself aggrieved by any decision of a circuit court or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to this court, by filing an appeal bond within ten days after the decision complained of, and filing the transcript in this court within thirty days after filing the bond.

This procedure is applicable to cases where the probate jurisdiction of the court is involved, but does not govern appeals in actions authorized by the code, not involving the exercise of the probate jurisdiction of the court. *Koons* v. *Mellett*, 121 Ind. 585; *Simmons* v. *Beazel*, 125 Ind. 362.

This action is, in its essential features, one to quiet title. *Faught* v. *Faught*, 98 Ind. 470 (475); 1 Pomeroy Eq., section 171. Actions to quiet title do not involve the probate jurisdiction of the court, and this action might have been

brought in the superior court, which has no probate jurisdiction whatever. The appeal was well taken under section 633, R. S. 1881.

The appellants have waived, by failing to discuss them, all questions except the rulings of the court in striking out the second paragraph of answer, and the cross-complaint.

The action being one to quiet the title to real estate, and the appellants having filed their general denial to the complaint, they were entitled under it to give in evidence every defence to the action, either legal or equitable (sections 1055 and 1071, R. S. 1881); and, therefore, they were not harmed by the ruling of the court in striking out the second paragraph of answer. *Sharpe* v. *Dillman*, 77 Ind. 280; *O'Donahue* v. *Creager*, 117 Ind. 372; *Johnson* v. *Pontious*, 118 Ind. 270; *Green* v. *Glynn*, 71 Ind. 336.

The ruling of the court in striking out the cross-complaint is the important question in the case.

The action to quiet title, brought by the executor against the appellants, was an assertion on his part of the validity of the will of Solomon Roll. His title was founded and bottomed upon the will. If the will was valid and effective, his title and right, as executor, to carry out its provisions was unquestionable. If, on the contrary, the will was invalid the land descended to the heirs of the deceased, and the executor had neither title to nor dominion over it.

The appellants were challenged by the action to assert the interests they claimed, and to break down and destroy, if they could, the chain of title under which the executor claimed.

This necessarily involved the validity of the will, and the judgment establishing it will bar a subsequent action between the same for its contest. *Faught* v. *Faught, supra.*

Under the provisions of the code the appellants had three years in which to institute proceedings for the contest of the will. Section 2596, R. S. 1881. This time was given them

by statute, and the courts have no power or authority to compel them to proceed under the statute to make a contest within any shorter period of time. If, as was done in this case, an executor can bring the heirs before the court soon after his qualification as executor, in a proceeding to quiet title, and compel them to either proceed under the act relating to the contest of wills, or be forever barred of that privilege, it will work a practical deprivation of an important right given them by statute.

We are of the opinion that the provision in the act (section 2596) regulating the contest of wills, which requires the complaint, or " allegation in writing," as it is called, setting forth the grounds of the contest, to be verified, and a bond to be filed by the contestor, conditioned for the due prosecution of the action and payment of costs, is applicable only to cases where the contestor is the moving party; and that when an heir is, without his consent, brought into a court of equity by the executor of the will of his ancestor, or some other adversely interested party, and compelled, either to contest the will in that action, or permit its validity to be finally adjudicated against him, he may avail himself of all defences open to a defendant in a suit in equity, including the right to file a cross-action, bringing all parties in interest before the court, and contesting the will, just as he could have done had the statute never been enacted. In other words, that where an action of this kind is brought by an executor, it is a suit in equity, and may be defended as such without regard to our statute providing for the contest of wills.

This does not deprive the executor of the privilege of having the provisions of wills construed, or the title of land devised to him quieted, where, in his opinion, this is necessary to the administration of the trust, and at the same time preserve to the heir the benefit of the legislation enacted in his favor and for his protection.

The judgment is reversed, with instructions to grant a new

trial, and to overrule the motion to strike out the cross-complaint, and for further proceedings in accordance with this opinion.

Filed Feb. 3, 1892.