JAMES WHITE MEMORIAL HOME *et al.*

*v.*

DAVID PRICE *et al.*

195  279
e201 ²314

*Opinion filed February 21, 1902.*

1. COLLATERAL ATTACK—*collateral attack on judgment cannot prevail unless judgment is void.* A proceeding for partition and to set aside a judgment of the circuit court, admitting a will to probate, as a cloud upon complainants' title is a collateral attack upon the judgment and cannot prevail unless the judgment is void.

2. SAME—*when judgment admitting will to probate is not void for want of jurisdiction.* Although the party appealing from the county court's refusal to admit a will to probate is not named in the will as legatee or devisee, and is not an heir of the testatrix, yet if the appeal bond recites that the appellant is "a legatee named in the will," the circuit court has jurisdiction to hear the appeal, and its judgment admitting the will to probate is *res judicata,* upon the question of the appellant's interest, in a collateral proceeding.

APPEAL from the Circuit Court of JoDaviess county; the Hon. JAMES S. BAUME, Judge, presiding.

JESSE ARTHUR, and F. J. CAMPBELL, (WILLIAM F. THOMAS, and JOHN G. HENDERSON, of counsel,) for appellants.

THOMAS H. HODSON, and D. & T. J. and J. M. SHEEAN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the circuit court of JoDaviess county to reverse a decree in partition. The complainants in the bill are the heirs-at-law of Lucy Price, de-

ceased, who at her death owned the land sought to be divided. The appellants, and others claiming under a will, were defendants to the bill. The bill, after alleging the death of Lucy Price and her ownership of the land in question, alleged that on January 25, 1900, she made a pretended will, which, after certain bequests, purported to devise all of her property, including the land in question, to the James White Memorial Home, of Battle Creek, Michigan, but made no devise or bequest to the appellant the Michigan Sanitarium and Benevolent Association; that on February 5, 1900, Lucy Price was adjudged insane by the county court, and was thereafter confined in the insane asylum until her death, on June 7, 1900, and that when she was so adjudged insane a conservator was appointed to manage her property; that on June 25, 1900, said will was presented to the county court for probate, and after due notice and hearing probate was refused because it was found that at the time of the making of the will Lucy Price was insane; that no appeal was taken from the order refusing probate of said will by any person interested in the same, but that the Michigan Sanitarium and Benevolent Association filed its appeal bond, and afterward its amended appeal bond, in said county court, copies of which, with the approval of the county clerk endorsed thereon, were made exhibits to the bill; that afterwards, at the November term, 1900, of the Jo-Daviess circuit court, said court made and entered an order and decree purporting to admit to probate said pretended will as the last will of Lucy Price, deceased, and that said will, and the order so admitting the same to probate, be certified to said county clerk to be re-corded,—which order and decree, with its accompanying certificates, was also made an exhibit to the bill; that said order was so certified and filed in the office of the county clerk, where the same and said will were recorded. The bill then charges that said order and decree of the circuit court admitting said will to probate is wholly

void for lack of jurisdiction of said circuit court to make and enter the same. The allegations are, that no appeal was taken by any party or person who was interested in said will; that the appellant the Michigan Sanitarium and Benevolent Association was not named as a legatee, or otherwise, in the will, and had no interest in it and was without power or authority to take the appeal, and that its pretended appeal conferred no jurisdiction on the circuit court to take cognizance of the case. Said association and the James White Memorial Home, parties defendant to the bill, demurred, but the court overruled their demurrer, and on their refusal to answer over, entered a decree of partition as prayed in the bill, and setting aside said order of probate entered by the circuit court as a cloud on complainants' title.

We are of the opinion that the court erred in overruling the demurrer. It is, of course, conceded on both sides that the attack made by the bill on the judgment of the circuit court probating the will is a collateral attack, and that it cannot prevail unless that judgment is void. The appellees contend, however, that the circuit court could acquire jurisdiction to hear and determine the matter of probate of the will only on appeal by some person interested, and that as the association which took the appeal was not named in the will and could not be an heir of the deceased it was not interested in the will, and its appeal could confer no power on the circuit court to hear or consider the question of probate.

The fourteenth section of the act concerning wills (Hurd's Stat. 1899, p. 1749,) provides: "Appeals may be taken from the order of the county court, allowing or disallowing any will to probate, to the circuit court of the same county, by any person interested in such will, in the same time and manner as appeals may be taken from justices of the peace, except that the appeal bond and security may be approved by the clerk of the county court; and the trials of such appeals shall be *de novo*."

The argument is, that circuit courts have no inherent original or appellate jurisdiction in the probate of wills, but only such jurisdiction as the statute expressly confers; and that when the circuit court exercises appellate jurisdiction under the statute, it must appear from the record that it obtained jurisdiction of the particular case in the manner prescribed by statute, and that its jurisdiction cannot be aided by presumptions which ordinarily arise from the judicial acts of courts of general jurisdiction at the common law. Without considering whether the rule contended for applies to such a case, we are nevertheless of the opinion that the record of the circuit court in the matter of the probate of this will, even as disclosed by the bill, shows sufficient jurisdictional facts upon which that court could lawfully proceed, under the statute, to hear and determine the question involved in the appeal. The second amended appeal bond, which was made an exhibit to the bill, recited that the "Michigan Sanitarium and Benevolent Association, *a legatee named in said will*, has taken an appeal to the circuit court of JoDaviess county." This amended appeal bond was approved by the clerk of the county court, and was filed in the circuit court in the matter of the appeal to that court. Although the name of that appellant did not appear in the will, and although the bill alleges that it was not interested in the will, still there was a sufficient averment of interest in the appeal bond itself by the claim that the appellant association was a legatee in the will, (if such an averment, in terms, were necessary,) to call for the exercise of the jurisdiction of the circuit court to hear and determine the matter of said appeal. If, as a matter of fact, the appellant association was not interested in the will, the circuit court, on ascertaining that fact, would have dismissed its appeal. That court clearly had the power to pass on the question of fact whether the appellant association was interested in the will or not, and if it decided, however erroneously, that the ap-

pellant association was interested in the will, and then decided, however erroneously, to admit the will to probate, its rulings and judgment in the premises could not be collaterally attacked. It does not affect the question of jurisdiction in that case that the bill alleges and the demurrer admits that the appellant association had no interest in the will, for coupled with this allegation are others, which, in effect, are, that it was alleged in the circuit court, in the appeal, that the appellant association was a legatee in the will, and that the circuit court heard and determined the matter of the appeal and admitted the will to probate. Although the name of the appellant association was not mentioned in the will, it was competent to prove, if such was the fact, that it was, in fact, the legal entity intended and meant by the name used in the will as the "James White Memorial Home," or to prove that it had any such other interest in the will, within the meaning of the statute, as to authorize it to appeal. Whether the appellant association had any such interest as gave it a right to appeal was a question for decision in that cause, and its decision there is *res judicata* here. The parties, the heirs, had their remedy by appeal or by bill in chancery to contest the will and its probate, but they cannot be allowed, in this collateral proceeding, to have the judgment of the circuit court set aside as void and removed as a cloud on their title.

Treating all matters well pleaded in the bill as true, as we must on the demurrer, the order and judgment of the circuit court admitting the will to probate cannot be held to be void or that court without jurisdiction in the premises.

The demurrer to the bill should have been sustained, and for the error in overruling it the decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*