VAN LANINGHAM *v.* HARTMAN ET AL.

[No. 10,686. Filed March 9, 1921. Rehearing denied June 10, 1921. Transfer denied February 1, 1922.]

1. QUIETING TITLE.—*General Denial.*—*Defenses Available.*—Defendant, in an action to quiet title, may, and is required to, present every defense, legal and equitable, which he has. p. 476.

2. WILLS.—*Probate.*—*Conclusiveness.*—*Statutes.*—After a will has been probated the order of probate can only be vacated in an appropriate proceeding brought for that purpose within the time specified by the statute (§3154 Burns 1914, Acts 1911 p. 325) and in the absence of such proceeding the will is unimpeachable and conclusive, except as to persons under disability or absent from the state. p. 477.

Van Laningham v. Hartman—77 Ind. App. 474.

3. WILLS.—*Probate.*—*Collateral Attack.*—The admission of a will to probate by a court having jurisdiction is a judicial act, and, like other valid judgments, it cannot be collaterally impeached, but is binding until reversed or set aside according to law. p. 477.

4. WILLS.—*Probate.*—*Collateral Attack.*—*Verdict in Action to Quiet Title.*—In an action to quiet title to land which defendant's grantor conveyed to him by deed and devised to him by her will, a verdict for plaintiff, notwithstanding the introduction in evidence by defendant of such will, duly admitted to probate, and with no showing that the order of probate had been set aside, was a collateral attack upon the probate, which, under §3154 Burns 1914, Acts 1911 p. 325, is unimpeachable, except by direct attack as therein provided, and the will was not invalidated by the verdict. p. 477.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Margaret Hartman and others against Carl Van Laningham. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Albert Wray, M. O. Sullivan, Charles B. Clarke* and *Walter C. Clarke,* for appellant.

*Henry N. Spaan, Meiks & Hack* and *Edward H. Knight,* for appellees.

NICHOLS, J.—This action by appellees against appellant was to quiet title to real estate, and to set aside a deed made to appellant for said real estate. There were three paragraphs of complaint, the first to quiet title, the second to set aside a deed to such real estate because of the alleged unsound mind of the grantor at the time of its execution, and to quiet title, and the third to set aside such deed because of undue influence, and to quiet title. Each paragraph was answered in general denial, and the cause was submitted to a jury which returned a general verdict for appellees, with an answer to an interrogatory that the grantor in such deed was not of unsound mind. The verdict was therefore based on the first and third paragraphs of complaint. The only error presented is that the court erred in overruling

appellant's motion for a new trial, which motion presents the question of the insufficiency of the evidence, whether the verdict was contrary to law, and error as to certain instructions.

It is disclosed by the evidence that appellant's alleged grantor undertook to dispose of the land to appellant, both by the deed in contest, and by her will devising the same to him. It is appellant's contention that appellees can have an interest in the land only when both the deed and the will are set aside, and that as the validity of the will is not involved in this suit, it still stands. It is self evident that if the will which is dated July 2, 1914, is valid, the legal title to the land passed by the devise to appellant regardless of the validity of the deed, which was dated October 1, 1914.

The first paragraph of complaint was, as has been noted, a suit to quiet title, to which an answer in general denial was filed. With issues so formed, appellant might, and was required to present every defense, legal or equitable, which he had. *Kaufman* v. *Preston* (1902), 158 Ind. 361, 63 N. E. 570; *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 75 N. E. 265; *Green* v. *Glynn* (1880), 71 Ind. 336.

Appellant claiming title by will, introduced the same in evidence, and it was thereby drawn into issue as a conflicting title. Appellees contend that the jury's verdict for appellees, followed by the judgment thereon, completely abrogated such will as a muniment of title to the real estate involved. It is to be observed that the will introduced in evidence had been duly admitted to probate, and that the evidence consisted of a certified copy of such will, together with an order admitting the same to probate. The question then which we must determine is as to whether the will can be invalidated by the verdict of the jury in a proceeding such as in the instant case.

The statute, §3154 Burns 1914, Acts 1911 p. 325, expressly provides the manner in which, and the time within which, the validity of a will may be contested, and it has been repeatedly held that after a will has been probated such order of probate can only be vacated in an appropriate proceeding brought for that purpose within the time specified by the statute, and in the absence of such proceeding the will is unimpeachable and conclusive, except as to persons under disability or absent from the state. *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673. It has been repeatedly held in this state, as well as elsewhere, that the admission of a will to probate, where the court has jurisdiction, is a judicial act, and like other valid judgments, it cannot be collaterally impeached, but is binding until reversed or set aside according to law. *Steinkuehler* v. *Wempner, supra; Winslow* v. *Donnelly* (1889), 119 Ind. 565, 22 N. E. 12; *Memorial Home* v. *Price* (1902), 195 Ill. 279, 62 N. E. 872; *Holland* v. *Holland* (1899), 121 Mich. 109, 79 N. W. 1102; *Ky. Land & Immigration Co.* v. *Crabtree* (1902), 113 Ky. 922, 70 S. W. 31; *Leslie* v. *Maxey* (1902), (Ky.) 67 S. W. 839; *Ward* v. *Board of Com'rs* (1902), (Okla.) 70 Pac. 378.

That the verdict of the jury in this case constitutes a collateral attack upon the will involved will hardly be denied. Appellees have cited the case of *Putt* v. *Putt* (1897), 149 Ind. 30, 48 N. E. 356, 51 N. E. 337, as an authority sustaining their contention that any superior title claimed by appellant through a deed, a will, or any other source, is drawn into issue by an answer in general denial, and forever adjudicated by the verdict and judgment, and that appellees having defeated the defense of the will, such will is thereby declared invalid, but the authority is not in point in

behalf of appellees upon this proposition; on the contrary it is by clear implication an authority against them.  On p. 34 of such case the court, quoting from *Mason* v. *Roll, Exr.* (1892), 130 Ind. 260, 29 N. E. 1135, says: "We are of the opinion that the provision in the act regulating the contest of wills, which requires the complaint, or 'allegation in writing,' as it is called, setting forth the grounds of the contest, to be verified, and a bond to be filed by the contestor conditioned for the due prosecution of the action and payment of costs, is applicable only to cases where the contestor is the moving party."  In the instant case appellees are the moving parties, not only in the contest of the deed, but of the will, or any other title that appellant may claim. Such being the case they are limited in their contest of the will to the method required by the statute.  The will, having been probated, cannot be collaterally attacked in this proceeding, and when it is read in evidence, together with its probate, it is conclusive of appellant's title thereunder as against appellees, until impeached in the statutory way.  The verdict of the jury, therefore, holding such will invalid, is contrary to law.  Other errors are discussed, but having reached this conclusion we do not need to consider them.  The judgment is reversed, with instructions to the trial court to grant a new trial.