GEORGE SMITH *vs.* JOEL SMITH.

A declaration alleging that the defendant forcibly entered the plaintiff's close and built a part of his barn on the close, and thereby put and kept the plaintiff out of the possession and occupation of a part of the close, is supported by proof that the eaves of the barn projected over the close.

A deed described the western and southern boundaries of the land conveyed as follows: "Southerly in a line with the west end of the barn four rods to a stake and stones, and thence easterly fifteen feet in a line at right angles with the last mentioned line to a point equidistant from the west and east line" of a certain lot. *Held*, that the position of the stake and stones at the date of the deed must govern in determining the southwest corner of the land; but that, in determining that position, the description of the length and direction of the western boundary was evidence as well as the description of the length and direction of the southern boundary.

At the trial of an action for trespass in building a part of the defendant's barn on the plaintiff's land, a ruling by the presiding judge that it was for the jury to say whether the barn was a suitable structure and of reasonable dimensions for a fence, and that if it was, its erection was not a trespass, if it came on to the plaintiff's land no more than a fence of ordinary width would do, is erroneous.

TORT. The declaration alleged that the defendant forcibly entered the plaintiff's close and broke down a fence, and also built a part of a barn upon the close, and thereby expelled and put out the plaintiff from possession and occupation of a part of the close, and kept and continued him so kept out and expelled from said part of the close. Trial in the Superior Court, before *Bacon*, J., who, after a verdict for the defendant, allowed the following bill of exceptions :

" The plaintiff offered to prove that the eaves or jet of a barn, alleged to have been built and erected upon the plaintiff's close by the defendant, extended over on to the close from fifteen to eighteen inches, but the judge excluded the evidence.

" The plaintiff asked the judge to instruct the jury that by the construction to be given to a deed from the defendant to th⁻ plaintiff which described the plaintiff's close, the westerly boundary of the close as therein described, to wit : ' Southerly in a line with the west end of the barn four rods to a stake and stones, and thence easterly fifteen feet in a line at right angles with last mentioned line to a point equidistant from the west and east line of the lot owned by the grantor and grantee in common,' must be deemed and understood to be a straight line from one fixed mon-

Smith *v.* Smith.

ument to another, established by the bounds named in the deed, said line being parallel with the west line of the whole lot owned in common by the plaintiff and defendant, without regard to the words ' in a line with the west end of the barn ; ' and that by the legal construction of the deed the plaintiff was entitled to fifteen feet from a point equidistant from the west and east line of the lot owned by the plaintiff and defendant in common. But the judge refused so to instruct the jury, and instructed them that said line running southerly from the west end of the barn being in dispute, the words ' in a line with the west end of the barn ' was a bound or monument, and evidence to the jury that said stake and stones on the southwesterly bound in the deed was not fifteen feet from the centre line.

" The judge also, against the plaintiff's objection, instructed the jury that an owner of land who is bound to maintain a fence between his own land and an adjoining inclosure, may place half of a fence of reasonable dimensions on the land of the adjoining owner ; that if the defendant erected a structure on his land suitable for a division fence, which extended over the line no more than the space that would be occupied by one half of a fence of ordinary dimensions, this would not constitute a trespass upon the plaintiff's land ; that it was a question of fact for the jury under the circumstances, whether this barn was a suitable structure and of reasonable dimensions for a fence ; and that if in their judgment it was, it would not be a trespass upon the plaintiff's land if it came over on to the plaintiff's land no more than a fence of ordinary width. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions."

*C. A. Holbrook*, for the plaintiff.

*T. G. Kent*, for the defendant.

MORTON, J. This is an action of tort in the nature of trespass *quare clausum fregit.* The plaintiff in his declaration, among other acts of trespass, alleges that the defendant built a part of his barn upon the plaintiff's close, and thereby put and kept the plaintiff out of the possession and occupation of a part of the close. We think it was competent for the plaintiff to prove that the eaves of the defendant's barn projected over the plaintiff's

close.  Projecting his eaves over the plaintiff's land is a wrongful act on the part of the defendant which, if continued for twenty years, might give him a title to the land by adverse occupation. It is a wrongful occupation of the plaintiff's land for which he may maintain an action of trespass.  *Codman* v. *Evans,* 7 Allen, 431.  *Carbrey* v. *Willis,* Ib. 364.

We think that the ruling as to the construction of the deed from the defendant to the plaintiff, as we understand it, was substantially correct.  The lines in dispute run from the northwest corner of the barn "southerly in a line with the west end of the barn four rods to a stake and stones, and thence easterly fifteen feet in a line at right angles with last mentioned line to a point equidistant from the west and east line of the lot owned by the grantor and grantee in common."  The familiar rule that, in the construction of deeds, monuments govern courses and distances, is to be applied.  The "stake and stones," mentioned as the point to which the first line runs, constituted a monument which must govern the described course and distance of the line, if they conflict with it.  It is a question of fact for the jury to determine where this monument was located at the date of the deed ; and when determined, it will govern, though not exactly fifteen feet distant from the central point described, or though the westerly line may not be exactly in a line with the west end of the barn. Upon this question, the description of the westerly line as being of the same course as the line of the west end of the barn, is evidence for the jury of the location of the stake and stones, as is also the description in the deed giving fifteen feet as the length of the southerly line, and its course as at right angles with the westerly line.  The exceptions do not show that the trial did not proceed upon this view.  *Dawes* v. *Prentice,* 16 Pick. 435.

We are of opinion that the instruction to the jury, that if the defendant's barn " came over on to the plaintiff's land no more than a fence of ordinary width " would, it would not be a trespass, was erroneous.  It was not erected as a fence, and was not a fence.  A man who erects a barn or other building partly upon the land of another, without any agreement that the wall shall be a division wall or fence, cannot defend an action of trespass by

Stockwell *v*. Fitchburg.

showing that it covered no more of the plaintiff's land than a fence would. Such an occupation is, in its nature and legal effect, entirely different from the occupation by a fence. It is an adverse occupation which, if continued for twenty years, will give a title to the soil by prescription. *Exceptions sustained.*