## THE INDIANAPOLIS, PERU, AND CHICAGO RAILROAD COMPANY *v.* ROSS.

RAILROAD.—*Right of Way.*—*Street.*—The constant and exclusive use by a railroad company of part of a street of a town, as and for a right of way, cannot in any time ripen into an absolute ownership of such part.

SAME.—*Street Improvement.*—Where a railroad company occupied and used one side of a street of a town as and for a right of way, and owned real estate contiguous to said side, said real estate was liable to assessment for the improvement of said street.

STREET IMPROVEMENT.—*Petitioners for, How Counted.*—By the act of April 27th, 1869 (3 Ind. Stat. 128, secs. 8, 9, and 10), which provides that "whenever a majority of all the resident owners of any lots or parcels of land on any street or alley not less than one square, to be estimated by numbers, or by measuring the front lines of such lots or parcels of land bordering thereon, shall petition," etc., two modes of counting the petitioners are provided; one by ascertaining the number of petitioners simply, the other by measuring the front lines of the lots or parcels of land bordering on the part of the street to be improved, and thus ascertaining whether or not the petitioners represent a majority of the front feet.

From the Hamilton Circuit Court.

*D. Moss*, for appellant.

*F. M. Trissal*, for appellee.

DOWNEY, J.—This was an action by the appellee against

the appellant, to recover an assessment for street improvement, made by the appellee as a contractor under the direction of the authorities of the town of Noblesville. The assessment was made and the action brought under the act of April 27th, 1869, 3 Ind. Stat. 128, secs. 8, 9, and 10. The complaint alleges that the defendant is the owner of certain lots and parcels of land bordering on Polk street, the street improved, a particular description of which is given; the presentation to the board of trustees of the town of a petition signed by a majority of the resident owners of lots and parcels of land bordering on said street, asking for the improvement, etc.; the making of the order for the improvement by the trustees; the giving of notice; the making of the contract by the town with the plaintiff at sixty-five cents per lineal foot; the completion of the improvement according to the contract; the making of the estimate; and that a quorum of the members of the board was present at each meeting of the board of trustees. It is also alleged that the lots and parcels of land owned by the defendant, before described, are on the west side of said street; and the estimated cost of the work assessed against said lots and parcels of land is the sum of six hundred and forty-four dollars and eighty cents for the nineteen hundred and eighty-four and a half feet, at thirty-two and a half cents per lineal foot, or one-half the contract price for said improvement; that said sum is now due to the plaintiff, etc.; wherefore, etc. Copies of the estimate and of the contract are filed with the complaint.

A demurrer to the complaint was filed by the defendant and overruled by the court, but no question upon this ruling is presented.

Four paragraphs of answer were filed. The second and third were stricken out, on motion of the plaintiff. The first paragraph is the general denial. The fourth alleges, that on the east side of said street, the said plaintiff, in pursuance of his contract, constructed a sidewalk the whole length thereof, the expense of constructing the same being full one-third

part of the whole cost of constructing said street opposite the lands of said defendant, and wholly failed to construct any sidewalk along the said lots and parcels of land of said defendant; wherefore, etc.

The plaintiff replied to the fourth paragraph of the answer, admitting that no sidewalks were constructed along the lots and parcels of land of the defendant, and stating that the trustees did not order or contract with him for any such improvement; that the length of said Polk street, ordered by the board to be improved, is two thousand six hundred and sixty-five feet, and the width of the same is. sixty-six feet; that the estimate of the cost of said improvement against the lots and parcels of land of the defendant was made according to the whole length of said street per running foot, and the cost of said improvement charged to the defendant is in the ratio of first (front) line of lots and parcels of land owned by the defendant to the whole improved line; that said street runs north and south through said town; that the lots and parcels of land of the defendant are contiguous to the west side of said Polk street; that the railroad track of the defendant obstructs that portion of the west side of said street used and intended for a sidewalk, and said railroad tracks are immediately east of and border on said lots and parcels of land; that the cost of improving said street in front of said lots and parcels of ground of the defendant was much greater than the cost of improving the entire remaining part of said street and sidewalks, etc.

The cause was tried by the court upon the following agreed statement of facts, viz.:

' 1. The defendant is the owner of the lots and parcels of land described in the complaint; that on the 24th day of March, 1871, at a regular meeting of the Board of Trustees of the town of Noblesville, a petition signed by a majority in number of the resident owners of lots and parcels of land bordering on Polk street in said town was presented, asking for the improvement of said street from the place where Conner street crosses the same to the south end of the same,

the improvement to consist of grading and gravelling the street and sidewalks; that on the 8th day of June, 1871, it was ordered by said board of trustees that said street be improved as follows: To be graded according to stakes set by a civil engineer; the sidewalks on the east side thereof to be graded ten feet wide and six inches deep; the sidewalk on the west side in the same manner so far south as the depot of the defendant; no sidewalk on the west side of said street south of said depot to be graded, but the street to be gravelled from gutter to gutter with gravel, twelve inches deep in the center, with the proper slope; that notice was duly given by the clerk of the board of trustees of said town, that contracts for the performance of said work would be awarded to the lowest and best bidder; and on the 26th day of June, 1871, in pursuance of said notice so given, the contract for said improvement was awarded to the plaintiff at a cost of sixty-five cents per lineal foot, he being the best bidder therefor, and an agreement in writing for the improvement was then entered into; that the improvement was entirely completed and accepted by said board on the 1st day of December, 1871, and an estimate of the work performed made, in which the cost of the improvement was estimated according to the whole length of said street improved per running foot, and the liability of the defendant estimated according to the proportion of the cost of the improvement in the ratio of the first line of lots and parcels of land owned by the defendant to the whole improved line.

'2. That a quorum was present at each meeting of said board of trustees when any matter connected with said improvement was determined upon.

"3. That all the lots and parcels of land of the defendant mentioned in the complaint are on the west side of said Polk street; that said street was originally sixty-six feet wide, but the defendant, without any molestation or disturbance whatever, has constantly and exclusively occupied and used eleven feet in width off the west side of said street, which runs

north and south, and about forty feet in width of the lands immediately adjoining on the west side of said eleven feet in width, under a claim of right as and for a right of way, upon which the main track and necessary switches of the defendant have been located and constructed for more than twenty years immediately previous to said 24th day of March, 1871; that the said portion of said street still used as a public highway and improved by the plaintiff, as hereinbefore stated, is entirely separated from the lots and parcels of lands of the defendant, described in the complaint herein, by the said right of way of the defendant, upon which is located said main track of said railway; but said lots and parcels of land of the defendant are immediately west of said right of way, and contiguous to the west side of said street, as originally laid out and used by the public; that the length of said lots and parcels of land above referred to is one thousand seven hundred and fifty feet. It is further agreed that the actual cost of the improvement of said street and sidewalk on the east side, in front of the lots and parcels of land of the defendant, was thirty-three and one-third per cent. greater than the cost of improving the same length where improvements were made on both sidewalks and the street."

The location of the said street, railway track, and lots and parcels of land is described by a map attached to the statement of facts, but which we do not incorporate in this opinion.

"It is further agreed, if the defendant is to be considered a resident owner of lots contiguous to said street, that a majority of the resident owners of front feet of lots and parcels of land adjoining on said Polk street did not sign said petition for said improvement of said street; the defendant has its main office in the city of Indianapolis, but has an office for the transaction of business in said town."

Upon this evidence, the court found for the plaintiff, refused to grant a new trial on application of the defendant, and rendered final judgment for the plaintiff.

The ruling of the court in refusing to grant a new trial is

the only error assigned. The causes mentioned in the motion for a new trial are, that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

Two grounds are assumed by counsel for the appellant, in opposition to the finding of the court:

1. That, according to the facts, the appellant had no lots or parcels of land bordering on the improved street.

2. That the town trustees had no jurisdiction to order the improvement, because there was not a majority of the resident owners of lots, etc., petitioning for the improvement.

The first position is based upon the theory that by the use of a portion of the street as a way for its road, for the time designated, the railroad company has become the owner of it in such manner that it is no longer a part of the public street; that the strip of eleven feet of the west side of the street is a piece of land owned by the railroad company in consequence of such use, and has for that reason ceased to be a part of the street.

But do the facts warrant the position, that by the use of the part of the street in question the company has become the owner thereof? We think they do not. Were it a question whether, by the use alleged, the company had acquired a right to the way, a different point would be presented. The facts show that the company has used the part of the street in question "as and for a right of way;" that it has been used by the company "without any molestation or disturbance whatever," and that the company has occupied the same "constantly and exclusively." We do not think that the use of the part of the street "as and for a right of way" could in any time ripen into an absolute ownership of the part of the street. It is not alleged that the use was under a claim of ownership of the soil, nor is it claimed or averred that the use was adverse to the right of the public to use the place as part of the street.

We are unable to see any valid objection as to the number of the petitioners. Section 8 of the act provides, that " whenever a majority of all the resident owners of any lots

or parcels of land on any street or alley not less than one square, to be estimated by numbers, or by measuring the front lines of such lots or parcels of land bordering thereon, shall petition," etc.   It is clear that two modes of counting the petitioners is provided for here, one by ascertaining the number of the petitioners simply, and the other by measuring the front lines of the lots or parcels of land bordering on the part of the street to be improved, and thus ascertaining whether or not the petitioners represent a majority of the front feet. . It is not claimed that the latter mode was pursued in this case, but it is alleged and proved by the agreed facts, that the petition was signed by a majority in number of the resident owners of lots and parcels of land bordering on the street.   This was a compliance with the statute.

The judgment is affirmed, with costs.