## Kaufman et al., Executors, *v.* Preston et al.

[No. 19,506.    Filed April 11, 1902.]

Appeal and Error.—*Parties.*—Where judgment is rendered against some of the defendants, and in favor of others, only those in whose favor judgment is rendered are required to be joined as co-appellees upon an appeal by the plaintiff from the judgment against him.  *pp. 361, 362.*

Quieting Title.—*Trial.*—*Evidence.*—Where in an action to quiet title the defendants were heirs of former owners or mortgagees of the lands described in the complaint, they had the right, under general denial, to give in evidence the mortgages under which they claimed an interest in the real estate as well as the probate of the will of an ancestor.  *pp. 362-364.*

From Noble Circuit Court; *J. W. Adair*, Judge.

Suit by Barbetta Kaufman and others against Lucelia Preston and others to quiet title. From a judgment for defendants, plaintiffs appeal. Transferred from the Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*T. L. Graves* and *L. W. Welker*, for appellants.
*H. W. Mountz*, for appellees.

Dowling, J.—Suit by appellants, as executors of the will of Joseph Kaufman, deceased, to quiet the title to certain tracts of land in Noble county, Indiana. All the defendants below, except Lucelia Preston and Mary Matteson, who are appellees here, made default, and judgment was rendered against them. The appellees, Preston and Matteson, filed separate answers in denial. The issues so formed were tried by the court, and a finding was made in favor of the appellees. Over a motion for a new trial, judgment was rendered in favor of the appellees, Preston and Matteson, against the appellants. The plaintiffs below appeal, and assign for error the overruling of their motion for a new trial.

The appellees move to dismiss the appeal, for the reason that the defendants below, against whom judgment was rendered in favor of the appellants, are not joined as appellants in the assignment of errors. The motion is not well founded. Such defendants were neither necessary nor proper parties to this appeal. They had no interest in the judgment in favor of Preston and Matteson against the appellants, and they were not affected by it. Preston and Matteson, the only appellees here, had no interest in the judgment in favor of the appellants against the defendants who made default. The rule is that all the parties to the judgment, and affected by it, must be included in the appeal and named in the assignment of errors. §644 Burns 1901, §632 R. S. 1881 and Horner 1901. But where a defendant is not a joint judgment defendant with the appellant, such defendant need not be made a co-appellant in a vacation appeal. *Zimmerman* v. *Gaumer*, 152 Ind. 552, 554; *Lowe* v. *Turpie*, 147 Ind. 652, 692, 37 L. R. A. 245. Parties who make default must be made co-appellants when their co-judgment defendants appeal in vacation. *Michigan Ins. Co.* v. *Frankel*, 151 Ind. 534. But where judgment is rendered against some of the defendants and in favor of others, only those in whose favor judgment is rendered are required to be joined as co-appellees upon an appeal by the plaintiff from the judgment against him. *Hadley* v. *Hill*, 73 Ind. 442.

The grounds of the motion for a new trial were that the court erred in admitting, over the objections of the appellant, a mortgage executed by Lucius Preston to Hiram Brunson; the evidence of the probate of the will of Anson Preston, deceased; and the record of a mortgage executed by Russell A. Preston to Lucius Preston; that the decision of the court was not sustained by sufficient evidence; and that it was contrary to law.

The object of appellants' suit was to quiet the title of the land described in the complaint against all claims of each of

the appellees, in or upon the same, adverse to the alleged right of the appellants. The complaint charged, in general terms, that each of the appellees made claim to some interest in the lands, and that such claims were unfounded. It averred, more specifically, that Lucius Preston mortgaged to Hiram Brunson a part of the land to secure the payment of a debt of $110; that the mortgage was recorded; that the debt so secured was afterwards fully paid; but that no sufficient release or entry of satisfaction had ever been made of record. The complaint also alleged that Russell A. Preston mortgaged to Lucius Preston a portion of the land described to secure the payment of a debt of $600; that this mortgage was properly recorded; that it was released of record, but that the heirs of the said Lucius Preston claim an interest in said land by reason of the said mortgage, and that such claim is a cloud upon the title of the appellants. It is further stated in the complaint that one Warren Gates sold and conveyed to Anson Preston, a remote grantor of appellants' testator, a part of the lands in controversy, but that the deed was never recorded; that said Anson Preston became the owner in fee of the portion of said lands so conveyed, and that neither the said Gates, if living, nor his heirs, if he was dead, had any interest in said lands.

The appellants contend that no issue was formed under which the two mortgages and the proof of the will were admissible.

Under their answers in denial, the appellees were expressly permitted by the civil code to give in evidence every defense to the action which they might have, either legal or equitable. §§1067, 1082, 1083 Burns 1901, §§1055, 1070, 1071 R. S. 1881 and Horner 1901; *Green* v. *Glynn,* 71 Ind. 336; *Johnson* v. *Pontious,* 118 Ind. 270; *O'Donahue* v. *Creager,* 117 Ind. 372; *Watson* v. *Lecklider,* 147 Ind. 395.

The appellees were not compelled to file counterclaims and ask for affirmative relief in this suit. They had the right to stand upon their answer in denial, and upon that

issue defeat, if they could, the claim of the appellants. If they succeeded, they might, in a subsequent action, assert and prove their title to, or interest in, the land. The proof showed that the appellees were heirs of former owners or mortgagees of the lands described in the complaint, and it is entirely clear that they had the right to give in evidence the mortgages under which, as heirs of the mortgagees, they might have an interest, as well as evidence of the probate of the will of an ancestor. Indeed it would seem from an inspection of the complaint that the appellants themselves ought to have given the mortgages in evidence, and it is certainly true that the complaint admits the execution of the mortgages. Proof of the execution by the appellees, even if irregular, therefore could not have harmed the appellants. The court did not err in admitting in evidence the mortgages, and proof of probate of the will.

We have examined the evidence and found it sufficient to sustain the finding, which is entirely in harmony with the rules of law.

There is no error in the record. Judgment affirmed.