# CITY OF MAYSVILLE, Appellant, v. NANCY J. TRUEX.

### Division Two, July 1, 1911.

1. **PLAT OF CITY: Defective Certification: Waived By Answer.** Where the defendant in her answer, to a city's suit in ejectment for what it claims is a street, specifically pleads the platting, surveying and laying out of the lots, blocks and streets of said city in exactly the same form, shape and size as they are shown by the plat introduced by the city, except that she. does not admit the street in front of her lots is of the width shown by the plat, her objection that the execution and certification of the plat are defective and insufficient must be disregarded.

2. **PLEADING: Ejectment: No Allegation as to Location of Property: Cured By Answer.** A failure of. the petition in a city's suit in ejectment for a street to state that the street is within the corporate limits of the city is cured by an admission in the answer that the land occupied by her is in the city.

3. **LIMITATIONS: Adverse Possession By Others.** A defendant sued in ejectment for land cannot reap the benefit of adverse possession by another unless she proves she succeeded to such other's adverse possession. There must be something to connect him with the parties through whom she claims.

4. ———: ———: **Not An Issue.** Where the city sues for a strip of ground ten feet wide, claiming it is a part of a street, and defendant, admitted to be the owner of lots 1 and 8 abutting on the street, by her answer claims title to the amount of land which the plat shows is in lots 1 and 8, and the only question is whether the strip is a part of the street or a part of the lots —in other words, whether the plat is erroneous in saying the street is 33 feet wide instead of 23 or in saying the block is 237 feet wide instead of 227—there is no question of adverse possession in the case, and the court erred in giving an instruction upon that issue.

5. **EJECTMENT: Possession: Stone as Marking Street.** Testimony of the surveyor that he found a stone which he believed to be the east boundary of. the street, and that by measuring westward thirty-three feet, the width of the street according to the plat, he found that defendant's fence extended ten feet into the street, is not sufficient evidence that defendant was in possession of a part of the street to authorize the court to direct a verdict for the city.

6. ———: **Boundaries of Streets and Lots: Hearsay Evidence.** Hearsay evidence is admissible to prove the location of ancient boundaries and monuments of lands in which the public have an interest, such as the boundaries of streets and highways; and for that reason, the acts of the first settlers, of an old town, in constructing the fences and improvements to their lots, would, after the death of the first settlers, be evidence that they understood the true boundaries of their lots and of the street shown on the original plat, and that they constructed their improvements with reference thereto.

7. ———: ———: ———: **Presumption.** In the absence of evidence to the contrary, the law presumes that private citizens proceed by right and not by wrong. So it is not reasonable to assume that private citizens became trespassers upon a street and made the improvements of their lots project into a street shown by the original plat to be 33 feet wide, when to make the street that wide would be to cut off a strip ten feet wide from their lots as that size is shown by the same plat, and it would also be unreasonable to assume that the officers of the town for more than a half century permitted its streets to be partly closed up by the owners of the lots.

8. ———: ———: **Presumption as to Plat: Evidence as to Other Lots.** The original plat of the town showed the block to be 237.6 feet wide, and the abutting street to be 33 feet wide. The street can be made that wide only by taking a strip ten feet wide from the block and adding it to the street; and after the owners of the block had long since improved the lots thereof and constructed their fences and houses on the theory that the dimensions of the block and lots given on the original plat were correct, the city sues for the ten-foot strip, contending it is a part of the street. *Held*, that it will not be held that, as the plat designates the street as being 33 feet wide, it must be made that wide; and, also, *Held*, that, in a suit by the city against the owner of two lots in the block, it was competent for her to show that if she were compelled to move her fences back ten feet she would then have ten feet less than she is entitled to according to the plat, and if her improvements were moved back it would be necessary to move back or change most of the improvements constructed in that and other blocks and parts of the city.

Appeal from DeKalb Circuit Court.— *Hon. A. D. Burnes*, Judge.

Reversed and remanded.

*Albert D. Hewitt* for appellant.

(1)    In construing maps of official survey, courts give effect to the meaning expressed by their outlines as well as their language. St. Louis v. Railroad, 114 Mo. 13; Columbia v. Bright, 179 Mo. 441; Campbell v. Wood, 116 Mo. 196.    (2)    The sale to the defendant and her grantors was designated as lots one and eight, block one, as shown by the plat of the town of Maysville. The eastern boundary of these lots was and is shown by the plat as Sloan Street, and the title to her under the deeds did not extend beyond this boundary. Tatum v. St. Louis, 125 Mo. 657; St. Louis v. Railroad 114 Mo. 22; Campbell v. Wood, 116 Mo. 196.    (3) There was wholly absent any evidence to support a judgment for defendant; a complete record title in plaintiff having been shown by the records in evidence, the court should have directed the jury to return a verdict for plaintiff, when requested by the plaintiff at the close of all the evidence.    (4)    Instruction 2, as prayed by plaintiff and refused by the court, should have been given, in which the court was asked to instruct the jury that under the evidence in the case the title to the premises in suit was vested in the public to its use as a part of the public streets of plaintiff, and the jury should find for the plaintiff unless it finds from the evidence that the title has been divested by such visible, notorious, continued and adverse possession as defined by the instructions in this case. This was clearly within the issue raised by the pleadings and the evidence. In fact, this instruction covered the whole case after refusing to direct a verdict for the plaintiff.    (5)    Instruction 1, given by the court for defendant tells the jury that the burden is on the plaintiff to show that the property claimed is within the corporate limits of the city of Maysville. This was error in the face of the pleadings and admissions therein.    (6)    There is not a scintilla of evidence in this case that anyone either squatter or trespasser, grantor or grantee, in defend-

ant's chain of title ever occupied the premises or any part thereof prior to the year 1892. Crowl v. Crowl, 195 Mo. 338; Heckescher v. Cooper, 203 Mo. 278; Morrison v. Bomer, 195 Mo. 535.

*W. M. Fitch* and *Kendall B. Randolph* for respondent.

(1)   Plaintiff's petition is fatally defective in that it fails to state that the ground in suit is within the corporate limits of plaintiff city. Butler v. Robinson, 75 Mo. 192. This question may be raised for the first time in  this court. Cartwright v. Tel. Co., 205 Mo. 131. (2)   Plaintiff having failed to show by competent proof that the land in suit was within the corporate limits of plaintiff city, defendant's demurrer should have been sustained, because plaintiff was not incorporated under a public statute. Courts cannot take judicial knowledge of its corporate limits nor of its ordinances. Nutter v. Railroad, 22 Mo. App. 328; Hopkins v. Railroad, 79 Mo. 98; Butler v. Robinson, 75 Mo. 192; St. Louis v. Roche, 128 Mo. 541.   (3)   The plat in evidence will not sustain ejectment.  a.   It does not vest a legal title, nor convey the legal title to the lands in suit.  b.   It does not purport to be made by order of the county court, as required by Sec. 13, p. 294, R. S. 1845. Cartin v. Wolf, 154 Mo. 544.  c.   The survey on the plat in evidence was valueless as a record, because it was not made by a county surveyor. Williamson v. Fisher, 50 Mo. 200.  d.   The surveyor's certificate was void as a record. Majors v. Watson, 73 Mo. 661.  e.   The plat in evidence was a copy of a copy and made without authority of law. Sec. 1274, Wigmore's Evidence.  f. The plat does not purport to dedicate land in suit as a street for public uses. Same reference as "a."  g. The land in suit has never been accepted or used by plaintiff, as shown by record. Bauman v. Boeckler, 119 Mo. 189; Vossen v. Bautel, 116 Mo. 379; Baker v. Vanderberg, 99 Mo. 378; Mandis v. Hamilton, 77 Mo. 554.  h.   The

plat was not acknowledged and recorded as required by law, the certificate was not as required by law. Putnam v. Walker, 37 Mo. 379; 2 R. S. 1855, p. 1535, sec. 2. i. Thompson Smith, the patentee, acquired legal title to this land for county seat purposes; he does not make the plat, and there is no authority for anyone else to make it, as shown by the evidence. j. One cannot dedicate land to public use, except he be vested with the legal title thereto. 13 Cyc. 442-443; Hannibal v. Draper, 36 Mo. 332. k. The certificate of acknowledgment, being the act of a ministerial officer, cannot take the place of, or perform the office of the instrument itself; the recitations in the acknowledgment are not the statements or covenants of the grantor in such instrument. l. The plat was not under seal. m. City never accepted any of the lands sued for, now claimed as a street. St. Louis v. University, 88 Mo. 155. (4) Cities may maintain ejectment to recover possession of streets only when they are vested with the legal title thereto. Augusta v. Perkins, 42 Ky. 437; Chicago v. Wright, 69 Ill. 318; San Francisco v. Sullivan, 50 Cal. 603; St. Louis v. Railroad, 114 Mo. 19. (5) It was error to refuse defendant's offer to show that defendant had no more land than the plat called for, and if her lot was located too far east, that the same error occurred in the whole city, and was caused by the town being placed too far east, provided the city's survey was correct. Columbia v. Bright, 179 Mo. 441. (6) Plaintiff city's alleged grantor, the county, located the lots sold to plaintiff's grantor, and plaintiff now claims on those lines received from the county as designated by the county. Henderson v. Beasley, 137 Mo. 199. (7) Statute of Limitations applies to the facts in evidence; possession has never been in plaintiff. Coleman v. Drane, 116 Mo. 387. (8) Under all the facts in evidence, the judgment was for the right party and should be affirmed; the question of limitation was prop-

erly raised on the evidence, was properly submitted to the jury and was a question of fact for the jury.

BROWN, J.—Ejectment for a small strip of land alleged to be part of Sloan street in plaintiff city. There was a judgment below for the defendant, for which plaintiff appeals.

The original town, now city, of Maysville, was laid out and platted in the year 1845, as the county seat of DeKalb county, by one G. W. McPherson, Commissioner, upon land donated to said county by the United States for county-seat purposes.

Defendant contests plaintiff's right to recover on the following grounds:

1. By adverse possession.

2. The plaintiff acquired no title to the streets of Maysville, because of certain defects in the execution and certification of the plat of said city.

3. That plaintiff's petition is fatally defective in that it does not recite that the land in dispute is within the corporate limits of the city of Maysville.

4. That the defendant is the owner of lots 1 and 8 in block 1 of said city of Maysville; and that she occupies the identical land which was staked out and sold by DeKalb county to the party under whom she claims as being lots 1 and 8 of block 1 of said city; and that plaintiff, as the successor of said county of DeKalb, in the ownership of the streets of Maysville, is estopped from claiming that the land occupied by her is a part of a street of said city.

The defendant derives her title to lots 1 and 8 of block 1 in Maysville, through G. W. McPherson, the commissioner who platted and laid out said town as the county seat of DeKalb county. Such other parts of the pleadings and evidence as will be necessary to a full understanding of the case will be noted in our opinion.

The plaintiff asks a reversal of the judgment, (1) because the court failed to direct a verdict for it; (2)

because the court erred in its instructions given to the jury at the request of the defendant.

## OPINION.

The plat of Maysville shows that Sloan street is thirty-three feet wide and lies along the east boundary of said city, and that defendant's lots adjoin said street.

The objections urged against the execution and certification of the plat of Maysville must be disregarded, because defendant in the second count of her answer specifically pleads the platting, surveying and laying out of the lots, blocks and streets of said city in exactly the same form, shape and size as shown by the copy of plat introduced by the plaintiff; except that she does not admit that Sloan street (a part of which she is charged with being in possession of) is thirty-three feet wide. The width of Sloan street is one of the points in controversy, as will hereafter appear.

The further contention of defendant that plaintiff's petition does not state that the strip of land in dispute is within the corporate limits of the plaintiff city, is cured by defendant's answer, which admits that all the land occupied by her is in said city. It is a well settled rule of law that omissions in a petition may be supplied and cured by recitals in the answer. [Grace v. Nesbitt, 109 Mo. 9; Fisher v. Central Lead Co., 156 Mo. 485.] When a fact the existence of which would require proof by the plaintiff, is admitted in the answer, plaintiff is thereby relieved of the burden of proving same. [McKenzie v. Railroad, 216 Mo. l. c. 19.]

Defendant's plea of the Statute of Limitations is not sustained by the evidence. There was some evidence that a man named Hammer occupied a shop on the strip of land in dispute in 1859; but there is nothing to connect him with any of the parties through whom defendant claims title. If Hammer occupied part of

235 Sup.—40

Sloan street adversely to plaintiff, before defendant can derive any benefit from such adverse occupancy by said Hammer, she must prove that she succeeded to his adverse possession. [Adkins v. Tomlinson, 121 Mo. 487.] Besides, we do not think the question of adverse possession is in this case on the pleadings. Defendant by her answer only claims title to the amount of land which the plat shows to exist in lots 1 and 8 in block 1; and if the land she occupies is in those lots, then there is no adverse possession, because plaintiff only claims title to the streets.

The only evidence that defendant is in possession of part of Sloan street is the testimony of a surveyor that he found a stone which he believed to be the east boundary of said street, and that by measuring west ward from that stone thirty-three feet, he found that defendant's fence extended into the street about ten feet. This was not sufficient evidence upon which to direct a verdict for plaintiff under the pleadings and facts in this case.

As we interpret defendant's answer, she claims that she only occupies a strip of land of the same size as lots 1 and 8 of block 1, as shown on the plat of Maysville and described in her deeds; and that the land she occupies was surveyed, staked off and sold to the parties through whom she claims, by the commissioner of DeKalb county, appointed for that purpose, and that even though a mistake may have been made in platting Sloan street as thirty-three feet wide when it was not in fact that wide, this would afford no excuse for disturbing her possession. She introduced some proof to support this claim, by showing that most of the other houses and improvements along the west side of Sloan street were on a line with her improvements; and offered to prove that if she was compelled to move her fence back ten feet, she would then have ten feet less than she is entitled to under the plat, and that if her improvements were moved back, it would be necessary to move

or change the location of most of the improvements constructed in all other parts of the city. In other words, she offered to show that in order to give Sloan street a width of thirty-three feet, it would curtail the width of block 1 to the extent of ten feet, or move all other streets and improvements in the city, including the courthouse square, ten feet further west; but the court refused to allow her to introduce this proof; and we think it erred in so doing. It is true no direct evidence was offered that defendant occupies the identical land which DeKalb county surveyed, staked out and sold to the party under whom she claims. It is not probable that such direct evidence would be obtainable seventy years after the transaction; but the fact that the first parties to build on those lots in 1859 made the improvements on the strip of land now in dispute, is some evidence that the commissioner of the county seat marked out and located the boundaries of that block so as to cause them to build there. The evidence shows that town lots in plaintiff city were selling for five dollars each in those days; and it would be rather against reason to suppose that parties would intentionally build houses in the streets when lots were so cheap.

If it is true, as defendant contends, that the courthouse and all other improvements made in the city of Maysville were constructed on the theory that Sloan street was less than thirty-three feet wide, and that if Sloan street is made thirty-three feet wide, it will be necessary to move all other streets and improvements ten feet further west in order to give each owner the land to which he is entitled, according to the plat of the town, this would raise a presumption that there was an error made in the original survey of Sloan street. No doubt the stakes, stones or other monuments showing the boundaries of the blocks and streets, as established by the original survey, could have been easily found when the first buildings and fences in Maysville were constructed; and the conduct of those first settlers, if it

shows a uniform understanding that the lots and blocks in said city were located as at present occupied, would be evidence that their improvements were made in accordance with the work of the commissioner who was appointed to lay out the town. Hearsay evidence is admissible to prove the location of ancient boundaries and monuments of lands in which the public have an interest, like the boundaries of streets and highways; and for the same reason, the acts of the first settlers of an ancient town in constructing improvements would, after the death of said first settlers, be evidence that they understood the true boundaries of their property and the streets of such town. [Greenleaf on Evidence (16 Ed.), pp. 222 and 223. St. Louis Public Schools v. Risley's Heirs, 40 Mo. 356.]

It would be unsafe to assume that all the citizens of a town would become trespassers and build their houses upon or into the public streets, and it is not reasonable to assume that the officers of a town or city would permit its streets to be closed up or partly closed for more than half a century. In the absence of evidence to the contrary, the law presumes that even a private citizen proceeds by right and not by wrong. [Long v. McDow, 87 Mo. 197.]

Plaintiff and the trial court seem to have proceeded upon the theory that as the plat of Maysville designates Sloan street as being thirty-three feet wide, it must be made that wide, even if to accomplish that result it is necessary to hold that block 1 is only 227.6 feet wide, east and west, instead of 237.6 feet wide, as shown by the plat of said city. We cannot subscribe to that doctrine. A more equitable rule is prescribed in our statutes for surveying sectionized lands, whereby if a half-section of land is found to contain a less number of acres than the Government survey thereof indicates, then each subdivision of said half-section must stand its proportionate share of such shortage. [Sec. 11320, R. S 1909.]

1. While the trial court committed errors against defendant, it also committed error against the plaintiff by submitting to the jury the issue of whether or not the land in controversy is in the corporate limits of the city of Maysville, that fact being admitted by defendant's answer.

2. The court also erred in giving an instruction for defendant on the issue of title by adverse possession, which the pleadings and evidence did not warrant.

For the trial court's error in giving these instructions, its judgment is reversed and the cause remanded for a new trial, according to the law as herein announced. All concur.